# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# ASHLAND

**CRIMINAL ACTION NO. 18-CR-00019-DLB**

**UNITED STATES OF AMERICA**                                   **PLAINTIFF**


**V.**                 **OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS**


**GARY KENDALL**                                              **DEFENDANT**

**\* \* \* \* \***

The United States requests that this Court deny Defendant, Gary Kendall's, Motion to Suppress evidence in this case.  Kendall's Fourth Amendment rights were not violated by the private electronic service provider who sent the Cyber Tip to the National Center for Missing & Exploited Children ("NCMEC"), NCMEC personnel who forwarded the Cyber Tip to Kentucky State Police, or the Kentucky State Police who investigated the case and executed a search warrant for Kendall's property where the images that are the subject of the instant case were found.

**FACTUAL BACKGROUND**

On January 6, 2017, NCMEC received a Cyber Tip from the electronic service provider ChatStep about a single file that had been uploaded to its service. Exhibit "A." Chatstep is a wesite that allows users to create, or enter, an online chatroom, and share

images and files. *See* https://www.webwise.ie/parents/explainer/explained-what-is-chatstep/ (last accessed August 21, 2019).

As indicated on the first page of the Cyber Tipline Report, the file was "not reviewed by NCMEC." Exhibit "A." NCMEC staff did not open or view any uploaded file submitted with the report. *Id.* NCMEC had no information concerning the content of the uploaded file other than information provided in the report by the electronic service provider. *Id.* The information submitted from Chatstep through the Microsoft PhotoDNA Cloud Service indicated that the file was child pornography, the date and time the file was uploaded, the screen or user name of the person being reported, and an IP address. *Id.* at 1. NCMEC queried the IP address provided by the Cyber Tip and determined that the IP address was located in Greenup, Kentucky, and forwarded the tip to the appropriate Kentucky law enforcement authorities. *Id.* at 3.

On March 2, 2017, Kentucky State Police (KSP) received the NCMEC Cyber Tipline Report 16331407, and viewed the one file that was uploaded with the Cyber Tip. Exhibit "B." The KSP detective found that the file contained an image of what appeared to be a prepubescent female approximately 10-12 years of age. *Id.* at 4. She was wearing only a pair of thong underwear and was kneeling on the side of a bed looking back to her right with her right breast exposed. *Id.* The KSP detective independently researched the IP address, and subpoenaed the provider for subscriber information associated with the IP address during the time that the image had been uploaded. *Id.* at 5. The subscriber came back to Gary Kendall's residence in Raceland, Kentucky. *Id.* Detectives learned that Kendall was a lifetime registered sex offender. *Id.* A state search warrant was granted for

Kendall's residence, and police found multiple electronic devices. Exhibit "B-1." The images that were on the devices found in the search warrant are the images upon which the federal indictment in the instant case were based.  Exhibit "C."

**LAW AND ANALYSIS**

     **I.**     **The Images Supporting the Indictment in this Case Were Obtained Through a Search Warrant.**

Kendall argues that his Fourth Amendment rights were violated because "a search warrant was not required" in this case. DE 50, at 3.  However, the images that support the indictment in this case were obtained through a search warrant. Exhibit "B." The images were found through the search of Kendall's computing devices. Exhibit "C."  As the government will prove at trial, the focal point of those images were of pre-pubescent vaginas, and thus meet the definition of sexually explicit conduct under 18 U.S.C. § 2256(2)(A).

Kendall has not argued, and the government denies, that the images in this case are the fruit of the poisonous tree. However, assuming that he makes such an argument in a Reply brief or in oral argument to this Court, the good faith exception to the warrant requirement would apply. When an officer relies in good faith upon the validity of a search warrant, the good faith exception prevents suppression of the resulting search's fruits. *United States v. Leon*, 468 U.S. 897 (1984). The KSP detective indicated to the Magistrate who issued the warrant how he came into possession of the Cyber Tip file, and the subsequent steps he took to investigate it. There was nothing in the warrant or otherwise known to him that would have made an objectively reasonable officer doubt the warrant's

validity.   He did not mislead or hide any of the investigative steps that he took.

Accordingly, the images from the search of Kendall's property should not be suppressed.

    **II.**    **KSP's review of the Cyber Tip Image was not a violation of Kendall's Fourth Amendment rights.**

It is well-settled that the Fourth Amendment does not apply to a private search or a government replication of a prior private search.  *United States v. Jacobsen*, 466 U.S. 109, 113 and 115 (1984).  The private search doctrine permits a government agent to verify the illegality of evidence discovered during a private search provided the agent stays within the scope of the private search.  *United States v. Lictenberger*, 786 F.3d 478, 481-83 (6th Cir. 2015).

ChatStep is not a government actor nor was it acting as a government agent when it detected and reported the image Kendall uploaded to NCMEC, and Kendall has not argued otherwise. According to the ChatStep law enforcement guide in effect at the time Kendall uploaded the file,

> as soon as a user uploads an image, it is checked against Microsoft PhotoDNA which is a system for detecting and reporting contraband images. If a match is detected, the picture is blocked from being shared and the uploading user along with the image is automatically reported to NCMEC. Chatstep employees currently do not manually review any images before they are reported to NCMEC nor do they monitor rooms looking for contraband images.   Only images recognized as contraband by PhotoDNA are reported to NCMEC.

Exhibit "D."

Microsoft's PhotoDNA is a program that is available to organizations, businesses, and  non-profits  as  technology  to  curb  the  exploitation  of  children.   *See* https://www.microsoft.com/en-us/PhotoDNA/CloudService (last accessed August 21,

2019). PhotoDNA automatically scans and compares the hash values of known child pornography images to the hash values of user-uploaded files and images. *Id.* If a match is detected between the hash value of a user-uploaded file and a known child pornography hash value, then the images are flagged for reporting to the appropriate authorities. *Id.* This program, as well as hash values, was explained in *United States v. Reddick*, 900 F.3d 636, 638 (5th Cir. 2018), where the defendant had uploaded digital images onto Microsoft SkyDrive, a cloud hosting service, that used PhotoDNA. In *Reddick*, Microsoft sent the Cyber Tip, which included the uploader's IP address information, to NCMEC based on the hash values of the files the defendant had uploaded to SkyDrive. *Id.* NCMEC forwarded the Cyber Tip to the appropriate police department based on the IP address information, and the police then opened the files to confirm that they contained child pornography. *Id.* The Fifth Circuit, relying on *United States v. Jacobsen*, 466 U.S. 1096 (1984) and the private search doctrine, held that the police officer's review of the files in the Cyber Tip did not violate the defendant's Fourth Amendment rights because the detective's opening of the files did not "significantly expand the search that had been conducted previously by a private party sufficient to constitute a separate search." *Id.* at 639.

The initiation of the Cyber Tip to NCMEC and NCMEC's report of the tip to law enforcement in this case is similar to that in the *Reddick* case. The KSP detective who investigated the Cyber Tip in this case did not expand upon the search performed by ChatStep through its PhotoDNA program. As discussed in detail above, the PhotoDNA program uses hash values to detect child pornography, and hash values "'boast a reliability and accuracy akin to DNA: 99.99%.'" *United States v. Dunning*, 2015 WL 5999818, *3

(E.D. Ky Oct. 15, 2015). Hash values are afforded such reliability that the Eighth Circuit found in one case that based on the totality of the circumstances, hash values alone, without observation of the actual images, were sufficient to establish probable cause for a search warrant. *Id.* (citing *United States v. Cartier*, 543 F.3d 442, 446 (8th Cir. 2008)).

Furthermore, as the KSP detective explained in his search warrant for Kendall's home and computers, he only reviewed the one file that ChatStep believed to be child pornography. Accordingly, Kendall's citation to *United States v. Ackerman*, 831 F.3d 1292 (10th Cir. 2016) is misplaced. In *Ackerman*, a NCMEC investigator conducted a search of an email and three attachments that went beyond the search of the one image that was the target of the ESP's Cyber Tip. As a result, the Tenth Circuit determined that the scope of the government's search exceeded the scope of the private search. *Id.*

In this case, not only did NCMEC **not** review the image, but the only file that was reviewed by the KSP detective was the one that ChatStep had already determined through hash values was child pornography. The KSP detective's review of the image was not going to reveal anything more than had already been revealed by the CyberTip. Accordingly, the KSP detective did not expand the search that had been previously conducted by Chatstep sufficient to constitute a separate search, and thus there was no Fourth Amendment violation based on his review of the image without a search warrant.

**CONCLUSION**

For the foregoing reasons, the United States requests that this Court deny Kendall's Motion to Suppress.

Respectfully submitted,

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

By:    /s/ Emily K. Greenfield
Emily K. Greenfield
Assistant United States Attorney
260 West Vine Street, Suite 300
Lexington, KY 40507-1612
(859) 685-4811
Emily.Greenfield@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF filing system, which will send an electronic notice to counsel of record.

/s/ Emily K. Greenfield
Assistant United States Attorney