```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
                    NORTHERN DIVISION
                       AT ASHLAND
```

CASE NO. 0:18-cr-19-1-DLB-EBA                    ELECTRONICALLY FILED

UNITED STATES OF AMERICA                                    PLAINTIFF

VS            DEFENDANT'S OBJECTIONS AND EXCEPTIONS
                 TO MAGISTRATE'S RECOMMENDATIONS

GARY KENDALL                                                DEFENDANT

** ** ** ** ** **

Comes now the Defendant, by and through counsel, and pursuant to 28 USC §636(b)(1)(B), hereby files the following OBJECTIONS AND EXCEPTIONS to the Magistrate's Recommended Disposition of the Defendant's Motion to Suppress the fruits of a search of Kendall's social media files found on electronic devices in his house. The social media files are alleged to be child pornography.

In 2009, Microsoft partnered with Dartmouth College to develop what has been termed: "PhotoDNA," which is a "hash-matching" technology that aids in finding and removing known images of child exploitation. PhotoDNA is used by Microsoft, to detect and remove child exploitation images. Microsoft developed, implemented and distributed what has been termed "PhotoDNA."

A social medial service, Chatstep, initially seized computer images of what the website believed to be child pornography downloaded by Kendall to his electronic devices, five altogether.

Chatstep alerted the National Center for Missing and Exploited Children (NCMEC) about the images.

The images were later found by the Kentucky State Police pursuant to a search warrant. However, prior to seeking the search warrant for the electronic devices found in Kendall's home, the KSP opened a file obtained from NCMEC that contained an image uploaded by Kendall from Chatstep. That file formed the probable cause for issuance of the search warrant for Kendall's home and the electronic devices found there. The file seized by Chatstep was referred to by the government in its opposition to Kendall's Motion to Suppress as: "prepubescent female approximately 10-12 years of age. She was wearing only a pair of thong underwear and was kneeling on the side of a bed looking back to her right breast exposed." [Doc #52, Page ID# 155]. The private seizure of the one image first by Chatstep and then by KSP, both warrantless and subsequently with a warrant, ultimately resulted in the indictment of Defendant Kendall for possession of child pornography in violation of 18 USC §2252(a)(4)(B).

The images from Kendall's computer form the sole basis of the government's case. If these images are suppressed, the case must be dismissed.

This case was investigated by the Kentucky State Police. The KSP was alerted to Kendall's activity on the internet in a "chat room" Kendall's internet provider informed the "National

Center for Missing and Exploited Children" (NEMEC) that they suspected images of child pornography uploaded by Kendall onto electronic devices owned by him. In short, the web address was ultimately traced to Kendall.

Kendall filed a Motion to Suppress the images that have been referred to as child pornography. [Doc #50]. The basis for Kendall's motion was that the search and seizure of the image by NCMEC were unreasonable under the Fourth Amendment to the United States Constitution because NCMEC is pervasively regulated by Congress with specific duties in regard to the reporting of suspected child pornography. Thus, NCMEC was a government actor for Fourth Amendment purposes. NCMEC was required to apply for a search warrant before seizing the file uploaded by Kendall.

The Court overruled Kendall's Motion to Suppress. [Doc #56]. The Court found that the NCMEC's conduct in this case did not constitute a search. [Id., Page ID# 188]. The Court's basis for this holding was premised upon the Court's finding that NCMEC's status in this case was as a private entity. Thus, NCMEC is not constrained by the Fourth Amendment's requirement of "reasonableness" in regard to searches and seizures. The Court held that: "Chatstep is not a government actor nor was it acting as a government agent when it detected the images." [Id., Page ID# 190]. Kendall takes exception to this Recommendation that

3

NCMEC was acting purely as a private entity in this case. The Court's holding is in derogation of the Sixth Circuit precedent.

The Fourth Amendment generally protects users' reasonable expectations of privacy in the contents of emails held by a third-party service provider from warrantless search and seizure by the government, irrespective of whether the service provider has terminated that user's account or whether the user violated the terms governing his relationship with the service provider. United States v. Warshak, 631 F.3d 266 (6th Cir. 2010).

In Lansing v. City of Memphis, 202 F.3d 821 (6th Cir. 2000), the Sixth Circuit has held that "a private entity can be held to constitutional standards when its actions so approximate state action that they may be fairly attributed to the state." Id. at 828.

It is axiomatic that if there is no governmental action then a search warrant is not required. U.S. v. Jacobsen, 466 U.S. 1096 (1984). The government however is restrained from "expanding the search." U.S. v. Lictenberger, 786 F.3d 478 (6th Cir. 2015).

The Court's Recommendation states that: "A government agent's invasion of a defendant's privacy must be tested by the degree to which (the agent) exceeded the scope of the search. [Id., Page ID# 190]. The Court held that the KSP did not exceed the scope of the private search. Kendall takes exception to this

ruling because the KSP did in fact expand the private search when the police seized several images from five devices. The KSP searched and seized several electronic devices which contained multiple images. Kendall submits that this factual scenario in regard to the scope of the search as found by the Court in its Recommendation, absolutely and without equivocation establishes that the KSP exceeded the scope of the private search and seizure.

The Court held that there was no search because the file was not reviewed by NCMEC: "NCMEC staff did not open or view an uploaded file...NCMEC had no information concerning the content of the uploaded file other than information provided in the report by the electronic service provider." [Doc #52, Page ID#155]. NCMEC had already been alerted that the file was suspected child pornography vis-a-vis the "hash system." The NCMEC merely passed the file onto the KSP. Kendall takes exception to the Court's Recommendation that there was no private entities acting as a government agent.

The Sixth Circuit uses a two-part test to determine whether a private person has conducted a search as an agent of government:

(1) law enforcement "must have instigated, encouraged or participated in the search" and

(2) "the individual must have engaged in the search with the intent of assisting the police in their investigation efforts." United States v. Hardin, 539 F.3d 404, 419 (6th Cir. 2008)(quoting United States v. Lambert, 771 F.2d 83, 89 (6th Cir. 1985).

Kendall takes exception to the Court's failure to utilize the two-step analysis as mandated by the 6th Circuit in determining whether a private entity has conducted a search as a government agent.

Kendall contends that if the Court had utilized the "Hardin test," then NCMEC would have been found to be a government agent in its search in this case.

This is so because by the Congressional grant of power to a single entity, and in fact requiring the entity to perform duties normally undertaken by a government, then the entity is an arm of the state.

Kendall relied upon Ackerman v. United States, 831 F.3d 1292 (2016) in his motion to suppress. The Court concluded that in Ackerman NCMEC actually opened and reviewed reported images of child pornography, and thus "conducted a search." However, Kendall submits that this finding is disenguineness because the Ackerman court decided that the internet provider tipster was pervasively regulated by Congress and thus not a private actor but was acting as an arm of the government.

6

Finally, Kendall takes exception to the Court's determination that the "PhotoDNA" is 99.999% accurate in determining what images are child pornography. This "PhotoDNA" is based upon a "hash system" in determining what images constitute child pornography. This begs the question as to how the hash system works. Kendall submits that the Court's use of the hash system violated Kendall's constitutional right of confrontation.

WHEREFORE, Kendall submits the above exceptions are filed as a response to the Court's Recommended Disposition.

CURTIS LEGAL SERVICES, PSC
1212 Bath Avenue, Suite 620
P.O. Box 1455
Ashland, Kentucky 41105
Telephone (606)324-5435
Fax (606)324-5496

/s/ Michael J. Curtis
Michael J. Curtis

CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of September, 2019, I electronically filed the foregoing with the Clerk of the court by using the CM/ECF system, which will send the Notice of Electronic Filing to all parties.

/s/ Michael J. Curtis
Michael J. Curtis