UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Eastern District of Kentucky
**FILED**
DEC 10 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 18-CR-19-DLB

UNITED STATES OF AMERICA                                          PLAINTIFF

V.                      **PLEA AGREEMENT**

GARY KENDALL                                                     DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure Rule11(c)(1)(C), the Defendant will enter a guilty plea to the Indictment charging him with 18 U.S.C. § 2252(a)(4)(B), possession of child pornography.

2. The essential elements of 18 U.S.C. § 2252(a)(4)(B) are:

   (a) The Defendant knowingly possessed a matter containing a visual depiction that had been transported in interstate or foreign commerce, including a computer;

   (b) the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;

   (c) the visual depiction was of a minor engaging in sexually explicit conduct; and

   (c) the Defendant knew that the visual depiction was of a minor engaged in sexually explicit conduct. The term minor means any person under the age of 18. The term "sexually explicit conduct" means actual or simulated lascivious exhibition of the genitals or pubic area of a person.

3. As to the charge, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

On or about March 2, 2017, Kentucky State Police began investigating a cybertip from the National Center for Missing and Exploited Children (NCMEC). According to the tip, Chatstep, an electronic service provider, had reported to NCMEC that it had information that on or about January 6, 2017, a suspected image of child pornography had been uploaded by a user of its internet chat service. The image or visual depiction was a prepubescent female, approximately 10-12 years of age, in thong underwear with her right breast exposed. The tip included the user's IP address. Kentucky State Police traced the IP address to the home of Gary Kendall in Raceland, Kentucky, in the Eastern District of Kentucky.

Kentucky State Police determined that Kendall was a lifetime registrant on the Kentucky Sex Offender Registry. Kentucky State Police then secured a search warrant for Kendall's home; and, on or about May 4, 2017, executed the warrant and found numerous electronic devices hidden throughout the home. On the Dell Precision, Model m6700, #7YZ3XW1 and the Seagate Free Agent, 320GB external hard drive, Serial #2GE4A1Y1, forensic examiners found five images depicting the vaginas of prepubescent females who were under 12 years old. In all five images, the vagina was the focal point of the image. Additionally, there were references to the user of the computer visiting child exploitation websites on the electronic devices, and there was a large amount of data that had been

wiped and written over with "ZZZZZ," which is indicative of the use of an anti-forensic tool. In a post-Miranda interview with Kentucky State Police, Kendall admitted that he used Chatstep, and that he would go to the site pretending that he was a little girl and upload images.

The Defendant admits that on March 13, 2001, he was convicted for receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2), in case number 2:00-00225, in federal district court in the Southern District of West Virginia. The Defendant admits that he knew the images he possessed using his computer depicted minors engaged in sexually explicit conduct. The Defendant also admits that he knowingly possessed child pornography images.

4.      Pursuant to 21 U.S.C. § 2252(b)(2), the Defendant faces a mandatory minimum statutory term of imprisonment of not less than 10 years to not more than 20 years, not more than a $250,000.00 fine. Pursuant to 18 U.S.C. § 3583(k), the Defendant faces a supervised release term of not less than 5 years to life. A mandatory special assessment of $100 applies, and the Defendant will pay the $100 total assessment to the U.S. District Court Clerk at the time of the sentencing. An additional mandatory special assessment of $5,000.00 per count applies if the Defendant is determined by the Court to be non-indigent.

5. Pursuant to Rule 11(c)(1)(C), the United States and the Defendant recommend that Kendall be sentenced to 10 years of imprisonment as that is the mandatory minimum term of imprisonment required under the statute and the advisory guideline range would be

less than the mandatory minimum required by the statute, a fine as determined by the Court, a $100 special assessment, and a $5,000 special assessment if the Court finds that Kendall is not indigent.

Pursuant to U.S.S.G. § 5E1.1, restitution will be determined at sentencing. The Defendant agrees to pay restitution equal to the loss caused to any victims, pursuant to 18 U.S.C. §§ 2259, 3663 and 3663A. This agreement by the Defendant is applicable only for identified victims who request restitution on or before the date of the sentencing hearing.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years

preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

    10. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time.

The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

11. The Defendant understands that after his release from prison he will be required to register as a sex offender as a condition of supervised release. The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. Upon release, the Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he must keep his registration current and notify the sex offender registry of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant understands that he is subject to criminal penalties for failure to comply with such sex offender registration requirements.

12. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that this property is subject to forfeiture because the United States can prove by a preponderance of the evidence that a nexus exists between the property and criminal conduct.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date: 12/10/19    By: *[signature]*
Emily K. Greenfield
Assistant United States Attorney

Date: 12/10/19    *[signature]*
Gary Kendall
Defendant

Date: 12/10/19    *[signature]*
Michael Curtis
Attorney for Defendant

7

ACCEPTED BY THE COURT,
Judge David Bunning    10 Dec. 19